IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**FILED**
**U.S. District Court**
**District of Kansas**
10/01/2026
**Clerk, U.S. District Court**
**By:** SND **Deputy Clerk**

YASNA FABIOLA RAIO PARRAGUEZ,

Petitioner,

v.

IMMIGRATION CUSTOMS AND ENFORCEMENT,

Respondent.

Case No. 26-3303-JWL

**MEMORANDUM AND ORDER**

Petitioner, acting *pro se*, has filed a petition for habeas corpus under 28 U.S.C. § 2241, in which she challenges her detention by immigration officials without a bond hearing. For the reasons set forth below, the Court **grants the petition in part**. Respondents are ordered either to release petitioner or to ensure that petitioner receives a bond hearing pursuant to 8 U.S.C. § 1226(a) on or before **October 14, 2026**, and they are further ordered to provide notice to this Court when such relief has been given. The Court denies any request for other relief.

Petitioner was admitted to the United States in March 2024 under the Visa Waiver Program (VWP). On February 26, 2026, petitioner was taken into custody by immigration officials and served with an administrative removal order. Petitioner applied for asylum, but on August 14, 2026, an immigration judge (IJ) denied such relief, and petitioner's appeal from that decision is presently pending before the Board of Immigration Appeals

(BIA). Petitioner presently remains in custody in this judicial district. On August 17, 2026, petitioner filed the instant habeas action; the Government has filed an answer, and petitioner has filed a traverse, and the matter is therefore ripe for ruling.

To obtain habeas corpus relief, petitioner must demonstrate that she is "in custody in violation of the Constitution or laws or treaties of the United States." *See* 28 U.S.C. § 2241(c)(3). This Court has habeas corpus jurisdiction to consider the statutory and constitutional grounds for immigration detention that are unrelated to a final order of removal. *See Demore v. Kim*, 538 U.S. 510, 517–18 (2003). Respondents have not argued that this Court lacks jurisdiction to consider petitioner's claim.

The VWP is a program by which a visa requirement is waived for aliens from certain countries who seek entry to the United States as tourists for 90 days or less. *See* 8 U.S.C. § 1187(a). Such an alien is required to waive certain rights, including the right "to contest, other than on the basis of an application for asylum, any action for removal of the alien." *See id.* § 1187(b). In the case of an alien admitted under the VWP (such as petitioner here) who overstays the authorized visit, the governing regulations allow for removal pursuant to an administrative removal order. *See* 8 C.F.R. § 217.4(b). Because petitioner has appealed the denial of her asylum application (the lone basis for contesting removal that is not wavied under the VWP), the parties agree that she is not subject to a final removal order such that she would be subject to mandatory detention under 8 U.S.C. § 1231. *See Kammerer v. Vergara*, __ F. Supp. 3d __, 2026 WL 1998622, at *3 (W.D. Tex. July 10, 2026) (noting that every circuit court to have considered the issue has ruled that a VWP removal order is not final until the asylum application is denied). Petitioner claims that her

present detention is instead governed 8 U.S.C. § 1226(a), which allows for discretionary release on bond, and that the Government has violated that statute by refusing to grant her a bond hearing.[1]

According to petitioner, her IJ ruled that he lacked jurisdiction to consider petitioner's bond request pursuant to *Matter of A-W-*, 25 I. & N. Dec. 45 (BIA 2009).[2] In that case, the BIA ruled that an IJ lacks jurisdiction to make a custody determination with respect to an alien admitted under the VWP. *See id.* at *3. The BIA further stated – without any analysis of the statutory language – that Section 1187(c)(2)(E), not Section 1226, provides the statutory authority for such an alien who has applied for asylum. *See id.* The Government has adopted the same position in this case, arguing that petitioner is subject to mandatory detention under Section 1187(c)(2)(E). Paragraph (2) of that subsection lists requirements for a country to be included in the VWP; and subparagraph (E) states one such requirement as follows:

> The government of the country accepts for repatriation any citizen, former citizen, or national of the country against whom a final executable order of removal is issued not later than three weeks after the issuance of the final order of removal. Nothing in this subparagraph creates any duty for the United States or any right for any alien with respect to removal or release. Nothing in this subparagraph gives rise to any cause of action or claim under this paragraph or any other law against any official of the United States or of

---

[1] In light of the Court's conclusion that petitioner is entitled to bond consideration under Section 1226(a), it need not address petitioner's claim that her detention without a bond hearing violates due process.

[2] The Government submitted a copy of the IJ's written order of September 2, 2026, in which he summarized his oral decision at the hearing on August 14, 2026; but the entirety of the ruling has been redacted, such that it is not even clear what rulings the IJ made. The Government has not disputed petitioner's account that the IJ (1) denied her request for asylum; and (2) denied her request for bond, citing a lack of jurisdiction under the BIA's decision in *A-W-*.

> any State to compel the release, removal, or consideration for release or removal of any alien.

*See* 8 U.S.C. § 1187(c)(2)(E).

The Court rejects the Government's interpretation of this provision to mandate detention for aliens admitted under the VWP. Federal courts have consistently held that this provision does not authorize the detention of such aliens. *See, e.g.*, *Whitcombe v. Mullin*, 2026 WL 2333069, at *2 (D.S.D. Aug. 11, 2026) (federal courts have declined to follow *A-W-* and have ruled that Section 1187 does not provide a valid basis for the detention of aliens admitted under the VWP); *He v. Figueroa*, 2026 WL 2268165, at *3 (D. Ariz. July 15, 2026) (same), *report and recommendation adopted sub nom. He v Lyons*, 2026 WL 2256114 (D. Ariz. Aug. 5, 2026). As other courts have concluded, Section 1187(c)(2)(E) merely states that that subparagraph, requiring countries to accept aliens ordered removed, does not create any right or duty with respect to removal or release. By its plain terms, it does *not* provide for the detention of such aliens – unlike Section 1226(a), for example, which explicitly states that the Government may detain an alien or release the alien on bond, *see* 8 U.S.C. § 1226(a); or 1226(c), which mandates detention for certain criminal aliens by stating that the Government "shall take into custody" such aliens, *see id.* § 1226(c). As noted above, the BIA did not consider the actual language of Section 1187(c)(2)(E) in making its pronouncement in *A-W-*, and its opinion therefore lacks any persuasive value.

In its brief in the present case, the Government has not addressed the actual language of the statute on which it relies. Nor has it addressed the reasoning of any of the numerous

courts that have rejected its interpretation. Nor has it cited any case in which a federal court addressed the issue and actually adopted the Government's interpretation of the statute to mandate detention (and this Court has not located any such case). This Court is persuaded by the consensus of federal courts that Section 1187(c)(2)(E) does not provide authority for the detention of an alien admitted under the VWP who is seeking asylum. The Government has not asserted any other basis for petitioner's mandatory detention without bond consideration. The Court therefore agrees with petitioner that her detention is governed by Section 1226(a), which provides for discretionary release on bond; and accordingly it concludes that the Government has violated that statute by refusing to grant petitioner a hearing on the merits of her request for release on bond.

With respect to the relief for this violation, the Court denies petitioner's request for release. Just as this Court and the Tenth Circuit have concluded in cases involving aliens improperly subjected to mandatory detention under 8 U.S.C. § 1225(b)(2)(A), *see Santillan Quiroz v. Mullin*, 180 F.4th 1226, 1251 n.13 (10th Cir. 2026); *Galdamez Orellana v. Welsh*, 2026 WL 710121, at *3-4 (D. Kan. Mar. 13, 2026) (Lungstrum, J.), the Court concludes here that the most appropriate remedy for this violation is to require that petitioner be granted a bond hearing as if detained under Section 1226(a). Accordingly, the Court orders respondents either to release petitioner or to ensure that petitioner receives a bond hearing

pursuant to 8 U.S.C. § 1226(a), at which petitioner's suitability for release on bond is considered on its merits, on or before **October 14, 2026**.[3]

IT IS THEREFORE ORDERED BY THE COURT THAT the petition for habeas corpus pursuant to 28 U.S.C. § 2241 is hereby **granted in part**. Respondents are ordered either to release petitioner or to ensure that petitioner receives a bond hearing pursuant to 8 U.S.C. § 1226(a) on or before **October 14, 2026**, and they are further ordered to provide notice to this Court when such relief has been given. The Court denies any request for other relief.

IT IS SO ORDERED.

Dated this 1st day of October, 2026, in Kansas City, Kansas.

/s/ John W. Lungstrum
Hon. John W. Lungstrum
United States District Judge

---

[3] As in other cases in which the Court has ordered a bond hearing, it is incumbent on the Government to ensure that petitioner receives a hearing on the merits in immigration court and that the IJ does not again cite a lack of jurisdictdion. As the Court has noted in those other cases, although it lacks jurisdiction to review an immigration judge's denial of release on bond, *see Chen v. Dorneker*, 2021 WL 5769354, at *2 (D. Kan. Dec. 6, 2021) (Lungstrum, J.) (citing 8 U.S.C. § 1226(e)), it would not be precluded from reviewing an IJ's refusal to conduct a hearing based on BIA precedent that this Court has rejected.